## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Frenstad,<br><br>    Plaintiff,<br><br>v.<br><br>1933 Lyndale LLC; Charles Theros; and<br>James Theros,<br><br>    Defendants. | Case No. 21-CV-2101 (SRN/HB)<br><br><br>**ORDER REMANDING MATTER TO<br>STATE COURT** |

SUSAN RICHARD NELSON, United States District Judge

  Plaintiff Gary Frenstad initiated this lawsuit in state court but now seeks to relocate this lawsuit to federal court through a notice of removal.  Because the Court lacks jurisdiction over this matter, the case will be remanded to state court.

  Under 28 U.S.C. § 1441(a),

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Frenstad's notice of removal fails § 1441(a)[1] in two respects.

---

[1] Frenstad does not invoke § 1441(a) expressly in his notice of removal, but no other federal statute provides a plausible basis upon which Frenstad might seek to remove this litigation from state to federal court.

First, a civil action filed in state court may only be removed "by the defendant or the defendants . . . ." *Id.* Frenstad is the plaintiff to this action, not a defendant — and "plaintiffs are not entitled to remove cases to federal court." *Robinson v. New Mexico*, 772 F. App'x 725, 726 (10th Cir. 2019) (citing 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018)); *accord Chicago, R.I & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). It was Frenstad who, as plaintiff, elected to initiate this litigation in state court. Under § 1441(a), he must live with that decision.

Second, Frenstad has not established that this is a matter "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Frenstad alleges in his notice of removal that 28 U.S.C. § 1332(a) provides a basis for original jurisdiction in this proceeding, *see* Notice of Removal ¶ 7 [Doc. No. 1], but he has not provided any factual allegations whatsoever establishing the citizenship of either defendants 1933 Lyndale LLC or Charles Theros.[2] For the Court to have original jurisdiction over a matter pursuant to § 1332(a), there must be *complete* diversity of jurisdiction — that is, each defendant must be a citizen of a state other than the state of citizenship of each plaintiff. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Without allegations regarding the states of citizenship of 1933 Lyndale LLC and Charles Theros,

---

[2] The notice of removal alleges that Frenstad is a resident of Minnesota while defendant James Theros is not, but these allegations are technically deficient as well: for purposes of § 1332(a), a litigant may be a resident of one state but a citizen of another. *See Minnesota Mining and Manufacturing Co. v. Kirkevold*, 87 F.R.D. 317, 320 (D. Minn. 1980) (noting that it is "well settled that 'citizenship' for diversity purposes means 'domicile,' as opposed to mere physical presence or residence in the state.").

Frenstad has not established complete diversity of citizenship and thus has not established the Court's original jurisdiction under § 1332(a).  Nor does any other federal statute appear to provide a basis for jurisdiction — for example, no federal question of law is presented on the face of the operative pleading that Frenstad seeks to remove.  *See* 28 U.S.C. § 1331; Doc. No. 1-1 (amended complaint).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Frenstad was not authorized by § 1441(a) to remove this action, which must therefore be remanded to state court.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the State of Minnesota Fourth Judicial District.

Dated: September 28, 2021                    BY THE COURT:

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge